**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

|  |  |
|---|---|
| MENTORIA SILLS, ) <br> ) <br> Plaintiff, ) <br> ) Case No. 2017 CA 001421 B <br> v. ) <br> ) Judge William M. Jackson <br> DISTRICT OF COLUMBIA, *et al.* ) <br> ) Next Event:   Initial Conference <br> Defendants. ) June 2, 2017, at 9:30 a.m. <br> ) | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed in the United States District Court for the District of Columbia on May 31, 2017, pursuant to 28 U.S.C. §§ 1441 and 1446.  Therefore, this Court "shall proceed no further unless and until the case is remanded" back to this Court by the United States District Court for the District of Columbia.  *See* 28 U.S.C. § 1446(d).   A copy of the Notice of Removal is attached.

Dated: May 31, 2017                              Respectfully Submitted,

                                                       KARL A. RACINE
                                                     Attorney General for the District of Columbia

                                                     GEORGE C. VALENTINE
                                                     Deputy Attorney General, Civil Litigation Division

                                                     */s/ Patricia A. Oxendine*_____
                                                     PATRICIA A. OXENDINE
                                                     D.C. Bar No. 428132
                                                     Chief, Civil Litigation Division, Section I

        /s/ Charles J. Coughlin_____
        KERSLYN D. FEATHERSTONE
        D.C. Bar No. 478758
        CHARLES J. COUGHLIN
        D.C. Bar No. 1016993
        SAFIE DA COSTA SOARES[1]
        Assistant Attorney Generals
        Office of the Attorney General
        441 Fourth Street, N.W., Suite 630 South
        Washington, D.C. 20001
        Phone: (202) 724-6600; (202) 724-6608;
        (202) 724-5695; (202) 727-6295
        Fax: (202) 715-8924; (202) 730-1887
        (202) 741-8943
        Email: kerslyn.featherstone@dc.gov;
        charles.coughlin@dc.gov;
        safie.dacostasoares@dc.gov

        *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2017, the foregoing Notice of Removal was served electronically or otherwise, to:

William Claiborne, Esq.
2020 Pennsylvania Ave, NW #395
Washington, DC 20006
*Counsel for Plaintiff*

        */s/ Charles J. Coughlin*_____
        CHARLES J. COUGHLIN
        Assistant Attorney General

---

[1] Admitted to practice only in New Jersey. Practicing in the District of Columbia under the direct supervision of Patricia A. Oxendine, a member of the D.C. Bar, pursuant to D.C. Court of Appeals Rule 49(c).

```
Filed
D.C. Superior Court
03/04/2017 12:23PM
Clerk of the Court
```

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

Mentoria Sills

vs

Government of the District of Columbia

Case Number: 2017 CA 001421 B

Date: 3/6/2017

☐ One of the defendants is being sued in their official capacity.

| Name: (Please Print) William Claiborne | Relationship to Lawsuit |
|---|---|
| Firm Name: ClaiborneLaw | ☒ Attorney for Plaintiff |
| | ☐ Self (Pro Se) |
| Telephone No.: 202-824-0700    Six digit Unified Bar No.: 446579 | ☐ Other: |

TYPE OF CASE: ☐ Non-Jury    ☒ 6 Person Jury    ☐ 12 Person Jury
Demand: $ $500,000    Other:

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.: _____ Judge: _____ Calendar #: _____
Case No.: _____ Judge: _____ Calendar #: _____

NATURE OF SUIT:    (Check One Box Only)

A. CONTRACTS                                   COLLECTION CASES

☐ 01 Breach of Contract            ☐ 14 Under $25,000 Pltf. Grants Consent   ☐ 16 Under $25,000 Consent Denied
☐ 02 Breach of Warranty            ☐ 17 OVER $25,000 Pltf. Grants Consent    ☐ 18 OVER $25,000 Consent Denied
☐ 06 Negotiable Instrument         ☐ 27 Insurance/Subrogation                 ☐ 26 Insurance/Subrogation
☐ 07 Personal Property                  Over $25,000 Pltf. Grants Consent        Over $25,000 Consent Denied
☐ 13 Employment Discrimination     ☐ 07 Insurance/Subrogation                 ☐ 34 Insurance/Subrogation
☐ 15 Special Education Fees             Under $25,000 Pltf. Grants Consent       Under $25,000 Consent Denied
                                   ☐ 28 Motion to Confirm Arbitration
                                        Award (Collection Cases Only)

B. PROPERTY TORTS

☐ 01 Automobile              ☐ 03 Destruction of Private Property   ☐ 05 Trespass
☐ 02 Conversion              ☐ 04 Property Damage
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

C. PERSONAL TORTS

☐ 01 Abuse of Process            ☐ 10 Invasion of Privacy            ☐ 17 Personal Injury- (Not Automobile, Not Malpractice)
☐ 02 Alienation of Affection     ☐ 11 Libel and Slander              ☐ 18 Wrongful Death (Not Malpractice)
☐ 03 Assault and Battery         ☐ 12 Malicious Interference         ☐ 19 Wrongful Eviction
☐ 04 Automobile- Personal Injury ☐ 13 Malicious Prosecution          ☐ 20 Friendly Suit
☐ 05 Deceit (Misrepresentation)  ☐ 14 Malpractice Legal              ☐ 21 Asbestos
☐ 06 False Accusation            ☐ 15 Malpractice Medical (Including Wrongful Death)   ☐ 22 Toxic/Mass Torts
☒ 07 False Arrest                ☐ 16 Negligence- (Not Automobile,   ☐ 23 Tobacco
☐ 08 Fraud                            Not Malpractice)               ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE   ☐ IF USED

CV-496/June 2015

# Information Sheet, Continued

**C. OTHERS**
- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants (DC Code § 11-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment
- ☐ 17 Merit Personnel Act (OEA) (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify, Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

**II.**
- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)
- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as Judgment [ D.C. Code § 2-1802.03 (h) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code § 42-3301, et seq.)
- ☐ 21 Petition for Subpoena [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1) (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

**D. REAL PROPERTY**
- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)
- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

_____  _____3/6/17_____
Attorney's Signature                Date



**Superior Court of the District of Columbia**
CIVIL DIVISION
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

_Mentoria Sills_
Plaintiff

vs.

Case Number 2017 CA 001421 B

_Gov. of the District of Columbia_
_Atty General Karl Racine_
Defendant

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_William Claiborne_
Name of Plaintiff's Attorney

_717 D Street NW, Ste 300_
Address
_Washington, DC 20004_

_Clerk of the Court_

By _____
Deputy Clerk

Date 03/07/2017

Telephone
如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요    ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



# TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
## DIVISIÓN CIVIL
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
                            Demandante
        contra
                                                        Número de Caso: _____

_____
                            Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

_____         *SECRETARIO DEL TRIBUNAL*
Nombre del abogado del Demandante

                                                        Por: _____
_____                        Subsecretario
Dirección

_____              Fecha _____

_____
Teléfono
如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요        ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc

SUPERIOR COURT OF
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MENTORIA SILLS<br>3949 Sherriff Rd, NE<br>Washington, DC 20021<br>Plaintiff,<br><br>v.<br><br>GOVERNMENT OF THE DISTRICT OF COLUMBIA<br><br>SERVE: Mayor Muriel Bowser or her designee<br><br>441 4th street NW<br>Suite 600 South<br>Washington, D.C. 20001<br>202-724-6507<br><br><br>SERVE: Karl Racine, Attorney General or his designee<br>Attorney General for the District of Columbia<br>441 4th Street, N.W., 6th Floor South<br>Washington, D.C. 20001<br>202-724-6295<br><br>and<br><br>FREDERICK ONOJA<br>1805 Bladensburg Road, NE<br>Washington, DC 20002<br><br>Defendants. | Civil Action No:  2017 CA 001421 B |

## COMPLAINT

### COMPLAINT FOR MONEY DAMAGES WITH JURY DEMAND

1. This is an action for a judgment for money damages for false arrest under the common law of the District of Columbia and Section 1983 brought by plaintiff Mentoria Sills against defendant Frederick

Page 1

Onoja, an officer of the District of Columbia Metropolitan Police Department ("MPD"), and the Government of the District of Columbia (the "District").

## PARTIES

2. Plaintiff Ms. Sills is an adult and a longtime resident of the District of Columbia area.

3. Defendant government of the District of Columbia is a municipal corporation capable of being sued under D.C. Code § 1-102.

4. Defendant Frederick Onoja is an employee of the District of Columbia and a member of the MPD.

5. At all times defendant Frederick Onoja was acting within the scope of his employment and defendant Frederick Onoja was acting pursuant to a policy of the District of Columbia.

6. For purposes of § 1983 this complaint names defendant Frederick Onoja in his individual capacity.

### Factual Allegations

### The False Arrest

7. On about March 8, 2016 at about 7:30 pm Ms. Sills was sitting on a bench with a friend in the park at 1501 Maryland Ave., N.W., in the District of Columbia enjoying a can of Country Time soda.

8. Defendant Onoja approached, grabbed the can out of her hands, and he threw the empty can down on the ground.

9. Defendant Onoja without probable cause arrested Ms. Sills for POCA, D.C. Code § 25-1001(a), and thereby injured Ms. Sills.

10. There was no probable cause to support the arrest for any offense.

11. Ms. Sills was simply hanging out with a friend in the park drinking a non-alcoholic beverage.

12. As a direct and proximate result of this arrest, Ms. Sills suffered loss of liberty and physical and emotional distress. Ms. Sills seeks "general" damages," that is, the injury to human dignity that is presumed when a person is subject to false arrest and false imprisonment, and special damages, that is, damages for emotional distress or other types of compensatory damages other than general damages as defined above. Ms. Sills does not seek lost wages or permanent injury resulting from the event.

### Defendant Onoja is an open and notorious violator of civil rights.

13. Defendant Onoja is an open and notorious violator of civil rights of the people in the District of Columbia whom he polices.

14. On numerous occasions defendant Onoja has arrested and pressed trumped up charges against young black men and other people without probable cause.

15. On numerous occasions defendant Onoja has harassed and even arrested people, especially young black men, without probable cause for alleged violations of the District's incommoding statute. D.C. Code § 22-1307(a).

16. The incommoding statute purports to criminalize conduct when it results in "crowding, obstructing, or incommoding" the sidewalk or entrances to public or private buildings, and the person refuses to move on when so ordered. D.C. Code § 22-1307(a).

17. Defendant Onoja used the statute to clear the sidewalks in his patrol area of young black men who have done nothing wrong.

18. In late 2014 or early 2015 the District stopped enforcing the incommoding statute because it is unconstitutional.

19. Officer Onoja then began using the "POCA" statute as his pretext for making false arrests. D.C. Code § 25-1001(a).

20. Officer Onoja makes most of his arrests on and around a ¼ mile strip of Bladensburg Rd NE, Washington, DC 20002 starting from the intersection of H Street, NE and Bladensburg Rd, NE.

21. This area has been a hot bed of gentrification in the last ten years.

22. It appears that Officer Onoja is motivated at least in part in assisting developers wishing to exclude long-time residents from the area.

23. This arrest and beating grew out of Defendant Onoja's unconstitutional attempts to make Mr. Young leave an area where Defendant Onoja did not want him to be.

### The MPD has not meaningfully disciplined Defendant Onoja.

24. The MPD has not disciplined Defendant Onoja by placing him into non-contact status.

25. Nor has the District meaningfully disciplined Defendant Onoja in any other way.

### The District has ratified Defendant Onoja's conduct in this incident and in the incidents described above by not disciplining him.

26. The District has ratified Defendant Onoja's conduct in this incident and in the incidents described above by not disciplining him.

27. He is still in the field making arrests, operating without any decent restraint, totally beyond the pale of any acceptable police behavior.

### Claim 1 – Common law false arrest against individual officer defendant Onoja

28.  Ms. Sills adopts by reference the preceding paragraphs as if fully set forth herein.

29.  Defendant Onoja without probable cause arrested Ms. Sills for POCA, D.C. Code § 25-1001(a), and detained Ms. Sills for POCA.

30.  The arrest and detention of Ms. Sills was against her will and was not lawful or justified and was not supported by probable cause.

31.  Officer Onoja did not see Ms. Sills in possession of an open container of alcohol in public.

32.  Ms. Sills was not in possession of an open container of alcohol in public

33.  As a direct and proximate result of this arrest, Ms. Sills suffered injury as described herein.

### Claim 2 – Common law false arrest against District of Columbia

34.  Mr. Young incorporates herein the preceding paragraphs.

35.  The District is liable in **respondeat superior** for the conduct of defendant Onoja in falsely arresting Mr. Young against his will and without justification.

36.  At all relevant times its agents, its officers named above, were acting within the scope of their employment pursuant to an official policy or practice of the Mayor and the City Council.

37.  As a direct and proximate result of this arrest, Ms. Sills suffered injury as described herein.

### Count 3 – 42 U.S.C. § 1983; Fourth Amendment claim against defendant Onoja for false arrest

38.  Mr. Young adopts by reference the preceding paragraphs as if fully set forth herein.

39. Defendant Onoja arrested Mr. Young without probable cause in violation of his Constitutional rights under the Fourth Amendment.

40. The arrest of Mr. Young was against his will and was not lawful or justified.

41. As a direct and proximate result of this arrest, Ms. Sills suffered injury as described herein.

### Count 4 – 42 U.S.C. § 1983; Municipal liability claim against defendant District of Columbia

42. Mr. Young adopts by reference the preceding paragraphs as if fully set forth herein.

43. The District has a custom or practice of failing to discipline defendant Onoja which can be inferred from evidence of repeated constitutional violations for which defendant Onoja was not discharged or reprimanded

44. Moreover, by keeping defendant Onoja in the field with knowledge of his unconstitutional conduct without disciplining him the District has ratified his conduct.

45. The District's custom and ratification was the moving force behind Mr. Young's suffering injury as described herein..

### RELIEF DEMANDED

Ms. Sills respectfully requests that this Court grant her the following relief:

A. Enter a judgment in favor of plaintiff in an amount of to be determined at trial; and

B. Grant such other relief as this Court deems just and proper.

| Respectfully submitted, | |
|---|---|
| /s/ William Claiborne<br>WILLIAM CLAIBORNE | |

| | |
|---|---|
| D.C. Bar # 446579<br><br>Counsel for Ms. Sills<br><br>2020 Pennsylvania Ave, NW<br>#395<br>Washington, DC  20006<br>Phone 202/824-0700<br>Email claibornelaw@gmail.com | |

## JURY DEMAND

Plaintiffs demand a jury of six as to all claims so triable.

/s/William Claiborne
WILLIAM CLAIBORNE
D.C. Bar # 446579
Counsel for Plaintiff



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

MENTORIA SILLS
   Vs.                                                                  C.A. No:   2017 CA 001421 B
DC GOV DISTRICT OF COLUMBIA et al

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                                                                             Chief Judge Robert E. Morin

Case Assigned to: Judge WILLIAM M JACKSON
Date: March 7, 2017
Initial Conference: 9:30 am, Friday, June 02, 2017
Location: Courtroom 219
        500 Indiana Avenue N.W.
        WASHINGTON, DC 20001                                                               Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Robert E. Morin

Caio.doc